# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NENNET AKAY SESCEY,      :
     *Plaintiff*,         :
                          :     CIVIL ACTION
     v.                  :     NO. 21-CV-3311
                          :
YOUTUBE, *et al.*,         :
     *Defendants*.     :

**PAPPERT, J.**                                **November 18, 2021**

## <u>MEMORANDUM</u>

*Pro se* Plaintiff Nennet Akay Sescey[1] filed this civil rights action against YouTube and YouTube's "Legal Support" department, which she claims is connected to "Google LLC." (ECF 2 at 2-3.)[2] For the following reasons, Sescey's federal claims are dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and her state law claims are dismissed for lack of jurisdiction without prejudice to her right to proceed in the appropriate state court.

I[3]

Sescey alleges her YouTube "account was hacked," she is "being harassed," and YouTube "violated [its] privacy policy and put [Sescey] and [her] family/kids @ [sic] risk." (*Id.* at 3.) She asserts that since July of 2020, she has "documented being harassed and stalked" and she has "lots of footage [(]audio and video[)] of [herself] and

---

[1] Because it appears Sescey is unable to afford to pay the filing fee, the Court will grant her Motion to Proceed *In Forma Pauperis*. (ECF 7.)

[2] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

[3] The facts set forth in this Memorandum are taken from Sescey's Complaint (ECF 2).

[her] children being harassed through [her] YouTube account." (*Id.* at 4.) Sescey claims "most of the harassment is coming from" her appearance in an adult magazine in 2002. (*Id.*) She alleges she "made tons of complaints through the [Better Business Bureau] and sent over tons of emails leading up to" the filing of this lawsuit. (*Id.*) Sescey also claims her "mother['s] nephew illegally listed [her] account as a Narc Officer account" and informed YouTube that Sescey "was crazy with a mental problem[,]" which Sescey believes put herself and her children "at risk." (*Id.*) Sescey seeks "full compensation" for herself and her children so that they can relocate. (*Id.*)

## II

Because Sescey is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss her Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Sescey is proceeding *pro se*, the Court construes her allegations

liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III

Sescey's allegations do not rely on a specific statute, she indicated on her form Complaint that the basis for the Court's jurisdiction is "Federal Questions."  (ECF 2 at 3.)  Construing her Complaint liberally, Sescey asserts an unspecified federal civil rights claim against YouTube related to the alleged hacking of her account and the resulting harassment to which she was allegedly subjected.  She also asserts a variety of Pennsylvania state law claims.

### A

To state a claim for a violation of her constitutional rights under 42 U.S.C. § 1983[4], Sescey "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Whether a defendant is acting under color of state law — *i.e.*, whether the defendant is a state actor — depends on whether there is "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'"  *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).  To act under color of state law a defendant must have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.  *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011).

---

[4] Even liberally construed, the Court does not understand Sescey's Complaint to suggest any other source of authority for the exercise of federal question jurisdiction beyond Section 1983.

Based on the Complaint's allegations, it appears the named Defendants – a private social media company and its legal department – are not subject to liability under Section 1983.  *Cf. Prager Univ. v. Google LLC*, 951 F.3d 991, 999 (9th Cir. 2020) (affirming the dismissal of a First Amendment claim because YouTube was a private entity and not a state actor); *see also Rutenburg v. Twitter, Inc.*, No. 21-0548, 2021 WL 1338958, at *2 (N.D. Cal. Apr. 9, 2021) ("Federal courts have uniformly rejected attempts to treat similar social media companies [such as Twitter, Facebook, YouTube, and Google] as state actors under Section 1983.") (collecting cases).  Sescey does not allege Defendants are state actors or that they had any connection to a state, county, or local governmental entity.  Her Complaint does not allege any facts to show a "close nexus" between the private behavior of YouTube and its legal department and the state itself such that the challenged action here can fairly be treated as an action of the state. *Leshko*, 423 F.3d at 339.  None of Sescey's allegations support an inference that Defendants are anything other than a privately-run social media company and its internal legal department.

Because Sescey's Complaint fails to allege a plausible § 1983 claim against YouTube and its legal department, her federal claims are dismissed pursuant to Section 1915(e)(2)(B)(ii) for failure to state a claim.  Because any amendment would be futile, Sescey will not be granted leave to amend her federal claims.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

B

Having dismissed Sescey's federal claims, the Court declines to exercise supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

The only independent basis for jurisdiction over such claims is 28 U.S.C. § 1332, which provides the Court with subject-matter jurisdiction when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where she is domiciled, meaning the state where she is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business. . . . And a partnership, as an unincorporated entity, takes on the citizenship of each of its partners." *Zambelli*, 592 F.3d at 419 (citations omitted).  "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

Sescey does not adequately allege the citizenship of any party.[5]  With respect to her own citizenship, Sescey only alleges she is a "US born citizen" (*see* ECF 2 at 4), but she does not set forth the state where she is domiciled as is required for diversity

---

[5] Sescey provided a Pennsylvania address as her address of record, but that is not a sufficient allegation to allow the Court to determine her citizenship for purposes of diversity.  Sescey provided a California address for YouTube and its legal department, but again this is not a sufficient allegation related to Defendants' citizenship.

jurisdiction.  With respect to YouTube and its legal department, she alleges only that "[t]his is a company" (*see id.*) but does not assert any facts related to YouTube's business structure (e.g., corporation, partnership, limited liability company, etc.) or its actual citizenship.  Sescey has not met her burden of demonstrating the Court's subject matter jurisdiction over any purported state law claim and they are dismissed without prejudice to her right to assert them in an appropriate state court.  *See Lincoln Ben. Life Co.*, 800 F.3d at 105.

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.